978 F.2d 1267
 142 L.R.R.M. (BNA) 2440
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ACCENT MOVING & STORAGE, INCORPORATED, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 91-9568.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1992.
 
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Accent Moving & Storage, Inc. petitions for review of a National Labor Relations Board order requiring it to reinstate Robert Schneider, an employee of Accent found to have been discharged in violation of § 8(a)(1) and (4) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (4). The Board has cross petitioned for enforcement of its order. We exercise jurisdiction under 29 U.S.C. § 160(e) and (f).
 
 
 3
 Petitioner, a local and interstate moving company, employed Mr. Schneider as a driver/helper. In August of 1990, he contacted the Tulsa General Drivers, Warehousemen & Helpers Local Union, and received authorization cards to distribute to Petitioner's employees. Mr. Schneider returned to the union cards signed by twenty-one of Petitioner's twenty-seven employees. The union then sought recognition as the representative of the majority of Petitioner's employees.
 
 
 4
 On September 14, 1990, Mr. Schneider filed an application for unemployment benefits with the Oklahoma Employment Security Commission, stating a lack of work as the reason for his unemployment claim. Petitioner construed Mr. Schneider's unemployment claim as his resignation, and did not assign him work. On September 20, 1990, Petitioner received a complaint charging it with the unfair labor practice of failing to assign work to Mr. Schneider because of his union activities. On September 24, 1990, when Mr. Schneider asked the company president if he would receive work assignments, the president responded that no work would be assigned to Mr. Schneider until the unfair labor practice charges were resolved. A complaint was then filed against Petitioner, alleging unfair labor practices in failing to assign work to Mr. Schneider, and in interrogating employees about union activity and threatening retaliation against an employee for participating in union activity.
 
 
 5
 After a hearing, the administrative law judge determined that Petitioner had violated § 8(a)(1) and (4) of the Act.[1] One of the violations was based on the company president's statement that Mr. Schneider "would not be scheduled for work because of an unfair labor practices charge filed on his behalf." ALJ's Decision at 15-16. The ALJ determined Mr. Schneider's unemployment claim did not preclude him from continuing his employment with Petitioner because an Oklahoma statute, Okla.Stat.Ann. tit. 40, § 1-217 (West 1986), provides for payment of unemployment benefits to an employee who has worked less than full time. The ALJ recommended affirmative action to effectuate the policies of the Act, and reinstatement of Mr. Schneider to his former position, with back pay. The Board adopted as its order the recommendations of the ALJ.
 
 
 6
 Petitioner does not contest the findings and orders pertaining to interrogating employees about union activity or threatening reprisals for engaging in union activities, in violation of § 8(a)(1). Therefore, those issues are entitled to summary enforcement. Monfort, Inc. v. NLRB, 965 F.2d 1538, 1540 n. 1 (10th Cir.1992).
 
 
 7
 Petitioner asserts the Board erred (1) in concluding Mr. Schneider had not resigned, but was partially unemployed, pursuant to Okla.Stat.Ann. tit. 40, § 1-217 (West 1986); and (2) in deciding Petitioner had refused to rehire Mr. Schneider, because the inquiry exceeded the scope of the theory of violation litigated. According to Petitioner, Mr. Schneider was not "partially unemployed," because a regulation promulgated after the hearing in this case requires the employer's consent for an employee to be classified as partially unemployed. Petitioner also argues that this case does not embrace the issue of a failure to rehire; therefore, the ALJ's recommendation was based on violations not charged.
 
 
 8
 We review de novo questions of law. Facet Enters., Inc. v. NLRB, 907 F.2d 963, 969 (10th Cir.1990). The Board's findings of fact shall be conclusive if supported by substantial evidence considering the record as a whole. 29 U.S.C. § 160(e). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). "[W]e must affirm the Board's determination unless there is insufficient evidence in the record to support its factual determination." Facet Enterprises, 907 F.2d at 969.
 
 
 9
 Petitioner relies exclusively on a regulation enacted by the Oklahoma Employment Security Commission to support its argument that to be classified as "partially employed" under Okla.Stat.Ann. tit. 40, § 1-217 (West 1986), the employer must consent to the classification. See OAC 240:10. Petitioner maintains that because it did not consent, Mr. Schneider could not have been "partially unemployed." Therefore, Petitioner argues, Mr. Schneider's application for unemployment benefits must be construed as his resignation, as a matter of law. It then follows that Petitioner was justified in not assigning work to someone who had quit.
 
 
 10
 It is undisputed that the Commission published the regulation in 1991.[2] Mr. Schneider filed for unemployment benefits on September 14, 1990; the hearing before the ALJ was held December 13, 1990. Okla.Stat.Ann. tit. 40, § 4-303 (West 1986) provides, "[r]ules and regulations of the Commission shall be effective upon publication in the manner, not inconsistent with the provisions of this act, which the commission shall prescribe." We determine that the regulation, published after the unemployment claim was filed and after the hearing, does not require reversal of the Board's order.[3]
 
 
 11
 Moreover, the Board's conclusion that Mr. Schneider was partially unemployed does not conflict with documents submitted from the Oklahoma Employment Security Commission.[4] See Dayton Tire & Rubber Co. v. NLRB, 591 F.2d 566, 570 (10th Cir.1979) (findings of Board control if state agency's findings are inconsistent with those of the Board; state agency "did not purport to decide the issues which subsequently came before the Board"). We perceive no conflict between federal and state law; therefore, we need not address the issue. Accordingly, based on our review of the record, we conclude the Board's determination is supported by substantial evidence.
 
 
 12
 Petitioner next contends the Board unfairly transformed the initial charge from a wrongful discharge to a refusal to hire. Petitioner's argument flows from the Board's discussion and rejection of possible reasons, other than an anti-union motive, for Petitioner's refusal to assign work to Mr. Schneider as of September 24, 1990. See ALJ's Decision at 14-15.
 
 
 13
 We reject Petitioner's characterization of the Board's findings as concluding (1) Mr. Schneider had resigned, Petitioner's Br. at 14; and (2) Mr. Schneider "was not discharged, he quit, and now he has unlawfully been refused employment as a new employee," id. at 15. The Board determined only that the company's president believed Mr. Schneider had quit. Likewise, contrary to Petitioner's assertions, the Board did not find that Petitioner had committed an unfair labor practice by refusing to hire Mr. Schneider as a new employee.[5]
 
 
 14
 The findings on Mr. Schneider's suitability for continued employment address Petitioner's reason for not assigning Mr. Schneider work on or after September 24, 1990. The Board determined that even if Petitioner believed Mr. Schneider had quit, the only reason for not assigning him work was the charge pending on his behalf. By negating other reasons for not assigning Mr. Schneider work, the Board further illustrated Petitioner's improper anti-union motive for refusing to assign Mr. Schneider work. Petitioner has failed to demonstrate a variation between the unfair labor practice charged in the complaint and the one found by the Board. Therefore, we do not address whether Petitioner was deprived of due process or ' "understood the issue and was afforded full opportunity to justify [its actions.]' " See Facet Enters., Inc., 907 F.2d at 972 (quoting NLRB v. MacKay Radio & Tel. Co., 304 U.S. 333, 350 (1938)).
 
 
 15
 The petition for review is DENIED, and enforcement of the Board's order is GRANTED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 *
 (a) It shall be an unfair labor practice for an employer--
 (1) to interfere with, restrain or coerce employees in the exercise of the rights guaranteed in section 157 of this title;
 ...
 (4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter....
 29 U.S.C. § 158.
 
 
 [2]
 In its brief, Petitioner cited to the regulation, noting its 1991 publication date. The Board argued that the regulation is inapplicable because it was not published until 1991. Petitioner did not file a reply brief
 
 
 [3]
 We express no opinion on whether the regulation is a valid exercise of "a State's power to fashion its own policy concerning the payment of unemployment compensation," or whether it seeks "to regulate private conduct that is subject to the regulatory jurisdiction of the National Labor Relations Board ..., [or] to regulate any private conduct of the parties to a labor dispute." See New York Tel. Co. v. New York State Dep't of Labor, 440 U.S. 519, 545 (1979)
 
 
 [4]
 The record is devoid of a definitive ruling by the Oklahoma Employment Security Commission on Mr. Schneider's unemployment status. One of the two forms submitted indicates Mr. Schneider stated his separation from employment was a result of lack of work. The other form sets forth the amount of benefits paid to Mr. Schneider without characterizing his unemployment as "partial" or otherwise
 
 
 [5]
 The Board found Petitioner had committed unfair labor practices by
 refusing to schedule Robert Schneider for work ..., interrogating employees regarding union activity, threatening reprisals against an employee for engaging in union activity, and by telling an employee that he would not be scheduled for work because of an unfair labor practices charge filed on his behalf.... [Petitioner] has not violated the Act in any other respect.
 ALJ's Decision at 15-16.